[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2007
THOMAS K. KAHN
CLERK

No. 07-11717
Non-Argument Calendar
_____

D. C. Docket No. 06-00478-CR-JTC-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL BERUMEN-CENICEROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 3, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Joel Berumen-Ceniceros appeals the 24-month sentence imposed after he pled guilty to illegal reentry into the United States after having been deported, in violation of 8 U.S.C. § 1326(a) and (b)(2). On appeal, Berumen argues that the

district court erred at sentencing by finding that his prior Georgia conviction for entering an automobile with intent to commit a theft or other felony, a violation of O.C.G.A. § 16-8-18, was an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). We affirm.

We review "the district court's interpretation of the Guidelines de novo and its factual findings for clear error." United States v. Pope, 461 F.3d 1331, 1333 (11th Cir. 2006). The meaning of an "aggravated felony," within the meaning of § 2L1.2(b)(1)(C), is a question subject to de novo review. See United States v. Ayala-Gomez, 255 F.3d 1314, 1316 (11th Cir. 2001).

Section 2L1.2(a) of the Sentencing Guidelines provides for a base offense level of eight if a defendant is an alien convicted of unlawfully reentering the United States. See U.S.S.G. § 2L1.2(a). Section 2L1.2(b)(1)(C) states: "If the defendant was previously deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony, increase by 8 levels." U.S.S.G. § 2L1.2(b)(1)(C). The application notes define "aggravated felony" as having the same meaning as given to that term in 8 U.S.C. § 1101(a)(43). See U.S.S.G. § 2L1.2, comment. (n.3(A)).

The Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, in turn, includes in the definition of aggravated felony "a theft offense (including receipt of

2

stolen property) or burglary offense for which the term of imprisonment [is] at least one year" and also includes an <u>attempt</u> or conspiracy to commit such an offense. 8 U.S.C. § 1101(a)(43)(G), (U) (emphasis added). Because Congress did not define the term "theft offense," courts define the term in "the generic sense in which the term is now used in the criminal codes of most States." <u>See</u> <u>Taylor v. United States</u>, 495 U.S. 575, 598 (1990) (interpreting the term "burglary" in 18 U.S.C. § 924(e)); <u>see also</u> <u>Jaggernauth v. U.S. Att'y Gen.</u>, 432 F.3d 1346, 1353 (11th Cir. 2005) (in the context of reviewing a decision by the Bureau of Immigration Appeals, noting that a theft offense was a "taking of property" with "intent to deprive the owner of the rights and benefits of ownership, even if such deprivation is less than total or permanent."(quotations omitted)). We have recognized that the "basic elements of an attempt are (1) an intent to engage in criminal conduct and (2) conduct constituting a substantial step towards the commission of the substantive offense which strongly corroborates the defendant's criminal intent." <u>United States v. Collins</u>, 779 F.2d 1520, 1533 (11th Cir. 1986).

The Supreme Court has held that, in determining whether a prior state offense qualifies as a predicate offense in a criminal enhancement statute, courts generally must "look only to the fact of conviction and the statutory definition of the prior offense." <u>Taylor</u>, 495 U.S. at 602 (footnote omitted). If the statutory

definition of the prior offense includes additional conduct that does not meet the elements of the generic offense in the enhancement statute, then sentencing courts can look at the charging documents and jury instructions to the show that the defendant was actually convicted of the generic offense. Taylor, 495 U.S. at 602. The Court extended its holding in Taylor to convictions following guilty pleas. Shepard v. United States, 544 U.S. 13, 19 (2005).

The Georgia statute under which Berumen was convicted provides the following:

> If any person shall enter any automobile or other motor vehicle with the intent to commit a theft or a felony, he shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years, or, in the discretion of the trial judge, as for a misdemeanor.

O.C.G.A. § 16-8-18. For federal sentencing purposes, the term of imprisonment imposed "is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(48)(B). In Ayala-Gomez, in which we reviewed an enhancement for an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1), we held that the meaning of "suspension" in 8 U.S.C. § 1101(48)(B) was the meaning under federal law, and that the term of

4

imprisonment was the term "formally imposed, rather than the period the court actually ordered the defendant to serve." Ayala-Gomez, 255 F.3d at 1319.

Here, the Georgia statute and charging document establish that Berumen was convicted of entering an automobile with the intent to commit a theft. By entering the automobile, Berumen performed a substantial step toward a theft. Therefore, Berumen's prior offense was an attempted theft offense, within the meaning of 8 U.S.C. § 1101(a)(43)(G) and (U). See Taylor, 495 U.S. at 598, 602; Collins, 779 F.2d at 1533. Moreover, the Georgia court formally imposed a sentence of one year. See Ayala-Gomez, 255 F.3d at 1319. Put simply, the district court did not err in determining that Berumen's prior offense was an aggravated felony for purposes of U.S.S.G. § 2L1.2(b)(1)(C). See U.S.S.G. § 2L1.2, comment. (n.3(A)).

**AFFIRMED.**